UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LYNN SCOTT,

Plaintiff,

Case No. 2:26-cv-845-KCD-KRH

v.

BOOZ ALLEN HAMILTON, INC.,
CHARLES EDWARD
LITTLEJOHN,

Defendants.
_______________________________/

**ORDER**

This dispute centers on Defendant Charles Edward Littlejohn, a former contractor for Defendant Booz Allen Hamilton, Inc., who used his work credentials to "access, extract, copy, and ultimately disclose hundreds of thousands of confidential tax returns and tax-return records." (Doc. 14 ¶ 3.)[1] Plaintiff Richard Lynn Scott, a United States Senator from Florida, alleges that Littlejohn's illegal disclosures exposed his private financial information, an act made possible by Booz Allen's systemic failure to implement adequate safeguards. (*See* Doc. 14.)

The latest complaint charges Booz Allen with negligence and vicarious liability (Counts I and II). As for Littlejohn, Senator Scott sues him for intentional infliction of emotional distress and invasion of privacy (Counts III

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

and IV). Littlejohn now moves to dismiss the complaint, pressing both procedural and substantive defects. As he tells it, this Court lacks personal jurisdiction, venue is improper in the Middle District of Florida, and the tort claims are either time-barred or factually deficient. (Doc. 54.)

There is no dispute that Littlejohn's conduct was both wrong and unlawful—he now sits in prison for leaking the confidential tax data. But this Court cannot pass judgment on his actions here. Senator Scott has not shown that Littlejohn has sufficient contacts with Florida to trigger personal jurisdiction. The claims against Littlejohn must be dismissed on that threshold ground, leaving his merits-based arguments for another day. *See, e.g.*, *Sikhs for Just. v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013) ("For without personal jurisdiction, a court has no authority to adjudicate a case on the merits.").

## I. Background

The facts needed to resolve the jurisdictional question are undisputed and straightforward. For several years, Littlejohn worked for Booz Allen on its data and cybersecurity contracts with the Internal Revenue Service. He lived in Washington D.C. but "performed work at IRS facilities . . . in Lanham, Maryland." (Doc. 14 ¶ 18.)

From his cubicle in Maryland, Littlejohn abused his security credentials to extract confidential tax return information for thousands of

Americans—a dataset that included Senator Scott. Littlejohn then transmitted that information to national news outlets. In November 2021, ProPublica published an article outlining the tax-avoidance strategies of ultra-wealthy politicians. The piece featured Senator Scott's photograph and noted his refusal to comment. The unauthorized leak eventually caught up with Littlejohn, and he pled guilty to the unauthorized disclosure of tax return information.

Crucially here, Littlejohn's entire scheme was orchestrated and executed far from Florida. He accessed the data in Maryland, resided in the District of Columbia, and handed over the stolen information to national publications. There are no facts (or even allegations) that Littlejohn traveled to Florida or communicated with anyone here. The only connection to Florida is Senator Scott himself. He argues that because he resides here and "suffered the resulting injury" here, those local effects provide this Court with authority to hear his tort claims. (Doc. 56 at 1.) As explained below, the Court cannot agree.

## II. Discussion

Federal courts have limited jurisdiction. To hear a case, we need two distinct keys: subject matter jurisdiction over the controversy and personal jurisdiction over the parties. *See, e.g.*, *Thomas v. Vergara*, 812 F. Supp. 3d 1223, 1228 (M.D. Fla. 2025). Personal jurisdiction asks whether the court has

the power to determine the parties' rights and obligations. Generally, personal jurisdiction exists over a defendant when he has "such contacts with the forum State that the maintenance of the suit is reasonable, in the context of our federal system of government, and does not offend traditional notions of fair play and substantial justice." *Talentscale, Inc. v. Aery Aviation, LLC*, 807 F. Supp. 3d 1354, 1358 (N.D. Fla. 2025).

Deciding whether this Court can exercise personal jurisdiction over an out-of-state defendant requires a "two-step inquiry." *Moore v. Cecil*, 109 F.4th 1352, 1362 (11th Cir. 2024). "First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. Second, we examine whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment[.]" *Id.*

Florida's long-arm statute allows for personal jurisdiction over defendants who commit "a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2). Senator Scott maintains that this provision captures Littlejohn because he committed a tort (intentional access and disclosure of confidential information) that caused "injury within the state." (Doc. 54 at 3.) It's not clear that conduct occurring entirely outside of Florida, like happened here, is enough. *See Thorpe v. Mem'l Sloan-Kettering Cancer Ctr.*, 412 So. 3d 861, 872 (Fla. Dist. Ct. App. 2025) ("[M]ere injury in Florida resulting from a defendant's tortious act committed wholly outside of the state is insufficient

to confer personal jurisdiction."). But we need not answer that thorny question today. Even assuming, as Littlejohn himself does, that Senator Scott's injury in Florida satisfies the long-arm statute, there remains a constitutional problem.

The Due Process Clause separately protects defendants from being hauled into court unless they have established "minimum contacts" with that forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). And the contacts must show purposeful availment—meaning the defendant deliberately chose to direct his activities at the forum state. *Id.* at 474-76; *see also Interstellar Prods., Inc. v. Bush*, 576 F. Supp. 3d 1106, 1110 (M.D. Fla. 2020).

In cases involving an intentional tort, like this one, "two applicable tests can determine whether purposeful availment occurred: the effects test and the traditional minimum-contacts test." *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1230 (11th Cir. 2023). Senator Scott and Littlejohn frame their jurisdictional dispute exclusively around the effects test, so the Court will do the same. The effects test "requires a showing that the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Moore*, 109 F.4th at 1362. The parties do not contest that the claims at issue are intentional torts, or that Senator Scott

experienced the alleged harm in Florida. The entire disagreement comes down to the second requirement: whether Littlejohn's conduct was "directly aimed at the forum." (*See* Doc. 54.)

Senator Scott first points to his injuries in Florida. (Doc. 56 at 1 ("[Littlejohn's] conduct in perpetrating the Breach was sufficiently connected to Florida, where Plaintiff suffered the resulting injury, including in this District.").) But that won't work. "Post-*Calder*, the Supreme Court clarified that a defendant's actions do not create sufficient contacts with the forum state simply because he allegedly directed his conduct at [a] plaintiff whom he knew had . . . connections with the forum state." *Moore*, 109 F.4th at 1363. "Mere injury to a forum resident," *Walden v. Fiore*, 571 U.S. 277, 290 (2014), or even "knowledge that the effects of the defendant's conduct would be felt in the forum state," *Moore*, 109 F.4th at 1363-64, is insufficient. "[T]he proper question is not whether Plaintiffs experienced injury in Florida but whether Defendants' conduct connects them to Florida in a meaningful way." *Env't Mfg. Sols., LLC v. Fluid Grp., Ltd.*, No. 618CV156ORL40KRS, 2018 WL 3635112, at *9 (M.D. Fla. May 9, 2018). In other words, due process demands that the defendant's conduct connect *him* to the forum state, not merely to a person who happens to live there.

Trying to tie Littlejohn to Florida, Senator Scott focuses on the deliberate nature of the breach. As he tells it, Littlejohn executed "targeted

queries" to dig up the protected IRS files. And so when he handed that confidential information over to the media, he knew exactly what he was doing and where the resulting damage here would land—*i.e.*, Florida.

The Court fails to see how labeling Littlejohn's conduct as "targeted queries" creates purposeful contact in this forum. There is no allegation (or evidence) that Littlejohn targeted Senator Scott in particular, much less that he targeted him because of his ties to Florida. Senator Scott might have a case if Littlejohn had singled him out. But the record says the opposite: Littlejohn disclosed "hundreds of thousands of confidential tax returns and tax-return records." (Doc. 14 ¶ 3.) The fact that one member of that dataset happened to reside in Florida is precisely the kind of "random, fortuitous, or attenuated" contact that cannot support personal jurisdiction. *Burger King Corp.*, 471 U.S. at 475.

Senator Scott emphasizes that "[a]n intentional tort does not cease to be intentional as to one victim merely because the defendant committed the same or similar conduct against many others." (Doc. 56 at 7.) To be sure, the breadth of Littlejohn's conduct does not excuse it or strip his actions of their intentional nature. But that observation misses the point of the jurisdictional inquiry. The question here is not whether Littlejohn committed an intentional tort, but whether his conduct connects him to this forum. On that score, the indiscriminate scale of the data theft matters. A nationwide

dragnet that captures a Florida resident is a far cry from forum-directed conduct.

"[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Yet that is the case here. A hypothetical illustrates the problem. Imagine for a moment that Senator Scott lived in Georgia instead of Florida. Under his theory, Littlejohn's exact same conduct—querying a federal database in Maryland and disclosing the dataset—would suddenly subject Littlejohn to suit in Atlanta. And if Senator Scott was in Texas, jurisdiction would follow right along. "Since we cannot say that Florida functioned as the focal point of the harm, [Senator Scott] fails the effects test here." *LM Media, LLC. v. Ello Ent. Grp., LLC.*, No. 25-CV-60261, 2026 WL 2066165, at *9 (S.D. Fla. July 17, 2026).

Everything Littlejohn did—from mining the federal database in Maryland to handing out the stolen data—happened outside of Florida. There is no evidence, nor any plausible allegation, that he directed any of those actions into this forum. The only connection to Florida is that Senator Scott happens to live here. That won't cut it. *See, e.g.*, *Belafonte v. Brown*, No. 1:24-CV-22045, 2026 WL 2651495, at *4 (S.D. Fla. Sept. 9, 2026) ("The non-resident defendant must manifest an intent to target and focus on [Florida] residents[.]").

Accordingly, Littlejohn's Motion to Dismiss (Doc. 54) is **GRANTED IN PART** on jurisdictional grounds. But the Court will not dismiss the claims as requested. Under 28 U.S.C. § 1631, when a court "finds that there is a want of jurisdiction," it can transfer the action to a proper forum "if it is in the interest of justice." *Id.* Here, the parties are actively fighting over whether the statute of limitations has run. Because an outright dismissal could inadvertently let the clock run out—precluding Senator Scott's claims—transferring this dispute is the appropriate course. *See Clay v. AIG Aerospace Ins. Servs., Inc.*, 61 F. Supp. 3d 1255, 1272 (M.D. Fla. 2014). Both parties also request a transfer should the Court find this venue improper. The claims against Littlejohn are therefore severed and transferred to the District of Columbia. (Doc. 54 at 12); *Lewis v. Abbott Lab'ys, Inc.*, No. 619CV909ORL31LRH, 2020 WL 631595, at *12 (M.D. Fla. Feb. 5, 2020). Littlejohn's motion is otherwise **DENIED WITHOUT PREJUDICE**, leaving the parties' merits-based arguments for that forum.

The Clerk is **DIRECTED** to transfer the severed claims against Littlejohn to the United States District Court for the District of Columbia and thereafter terminate him as a defendant.

**ORDERED** in Fort Myers, Florida on September 25, 2026.

Kyle C. Dudek
United States District Judge