**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICHARD LYNN SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES EDWARD LITTLEJOHN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-03660-JDB |

**JOINT STATUS REPORT**

Pursuant to the Court's October 23, 2026, Minute Order, Plaintiff Richard Lynn Scott ("Plaintiff") and Defendant Charles Edward Littlejohn ("Defendant"), through undersigned counsel, respectfully submit this Joint Status Report concerning the proposed schedule for further proceedings and the potential for duplicative or inefficient litigation arising from the related action pending in the Middle District of Florida.

## I. RELEVANT PROCEDURAL BACKGROUND

Following Defendant's challenge to venue in the Florida action, the United States District Court for the Middle District of Florida severed Plaintiff's claims against Defendant and transferred them to this Court on September 25, 2026, pursuant to 28 U.S.C. § 1631. Scott v. Booz Allen Hamilton Inc., No. 2:26-cv-00845-KCD-KRH (M.D. Fla.), [ECF No. 60]. The Florida court denied Defendant's motion to dismiss without prejudice as to his merits-based arguments, leaving those issues for resolution in this District. Id.

Following the severance, on September 27, 2026, the Florida court issued an Order to Show Cause directing the parties to address why Plaintiff's remaining claims against Booz Allen Hamilton Inc. ("Booz Allen") should not also be transferred to the District of Columbia, citing concerns about duplicative litigation arising from the same underlying conduct. Id., [ECF No. 61].

Booz Allen supported transfer, while Plaintiff opposed and proposed amending his complaint to withdraw the derivative claims against Booz Allen, leaving only a direct negligence claim based on Booz Allen's independent failure to safeguard confidential taxpayer information. Id., [ECF Nos. 62–63].

On October 7, 2026, the Florida court agreed that Plaintiff's proposed amendment resolved the concerns about overlapping litigation, declined to transfer the remaining action, and granted Plaintiff leave to amend his complaint to proceed solely against Booz Allen on a direct negligence theory. Id., [ECF No. 64]. The court expressly recognized that the remaining negligence claim could be adjudicated independently without determining Littlejohn's individual liability. Id. at 2. Plaintiff subsequently filed his Second Amended Complaint ("SAC") on October 19, 2026, in the Middle District of Florida, asserting a single negligence claim against Booz Allen based on its alleged failure to implement and maintain adequate safeguards to protect confidential taxpayer information. Id., ECF No. 65. The SAC expressly alleges that the claim arises from Booz Allen's independent acts and omissions and seeks to hold Booz Allen liable for its own safeguarding failures. It asserts no claim against Littlejohn and no claim seeking to impose vicarious liability on Booz Allen for Littlejohn's conduct. Id. ¶¶ 7, 61–67.

Accordingly, the Florida action proceeds solely against Booz Allen on a direct negligence theory, while the claims before this Court concern Littlejohn's individual liability for invasion of privacy and intentional infliction of emotional distress arising from his unauthorized disclosure of Plaintiff's confidential tax information.

## II. PROPOSED SCHEDULE FOR FURTHER PROCEEDINGS

### A. Plaintiff's Position

Plaintiff proposes the following schedule to permit the orderly resolution of the transferred claims against Defendant Littlejohn.

| **Deadline** | **Proposed Date** |
|---|---|
| Subject to leave of Court, Plaintiff to file a conformed amended complaint removing Booz Allen and the claims against it, leaving only the claims previously asserted against Defendant Littlejohn.[1] | November 13, 2026 |
| Defendant to answer or otherwise respond to the operative complaint | November 20, 2026 |
| Plaintiff to oppose any motion to dismiss | December 11, 2026 |
| Defendant to reply in support of any motion to dismiss | December 18, 2026 |
| Plaintiff's Rule 26(a)(2) expert disclosures | May 21, 2027 |
| Defendant's Rule 26(a)(2) expert disclosures | June 18, 2027 |
| Rebuttal expert disclosures | July 16, 2027 |
| Completion of all fact and expert discovery | August 20, 2027 |
| Completion of mediation, if ordered by the Court | September 17, 2027 |
| Post-discovery dispositive motions and motions challenging expert testimony | September 24, 2027 |
| Oppositions to post-discovery dispositive motions and motions challenging expert testimony | October 15, 2027 |
| Replies in support of those motions | October 29, 2027 |

Plaintiff intends to litigate this action separately from the Florida action. This action concerns Littlejohn's own misconduct, while the Florida action concerns Booz Allen's direct negligence in safeguarding Plaintiff's confidential information. Discovery in this action will be tailored to the claims and defenses concerning Littlejohn to avoid unnecessary duplication or expense.

Plaintiff proposes that discovery proceed during the pendency of any motion to dismiss unless otherwise ordered by the Court. The proposed discovery and post-discovery motion deadlines substantially track the schedule previously agreed upon by the parties following their meet-and-confer in the Florida action and adopted by that court. Because the parties previously agreed to that timetable, Plaintiff sees no reason to depart from it for purposes of this separate

---

[1] If the Court prefers a cleaned-up version of the Complaint, Defendant, Charles Littlejohn, does not object to a revision that only removes the alleged facts, statements, and counts related to non-party Defendant, Booz Allen. However, Defendant, Charles Littlejohn, objects to any substantive amendment(s) to the complaint as it relates to the alleged facts, statements, and counts against Defendant, Charles Littlejohn, as the deadline to amend the complaint has expired as of September 1, 2026, previously set by Magistrate Judge Kevin R. Huguelet, in the Middle District of Florida. See Doc. 50.

action. Plaintiff further proposes that the Court establish dates for pretrial submissions, the final pretrial conference, and trial following resolution of dispositive motions.

### B. Defendant's Position

Defendant opposes any substantive amendment to the complaint, limited to allowing Plaintiff to remove any alleged facts, statements, and counts related to non-party, Booz Allen, such limited amendment is proposed to be due by November 13, 2026. There is no judicial economy in allowing Plaintiff to substantively amend the complaint as it relates to the alleged facts, statements, and counts against Defendant, Charles Littlejohn. Doing so would allow Plaintiff to have a third bite at the apple, restart the clock with what would effectively be the third substantively amended complaint out of time and of which is not warranted. Thus, to the extent Plaintiff seeks an opportunity to "clean up" the operative complaint without substantively amending the same, Defendant does not oppose. Defendant seeks time until November 20, 2026, to refile his Motion to Dismiss. Defendant will also seek relief by way of a motion to stay discovery requesting the Court resolve the merits of the Motion to Dismiss before the parties may proceed with discovery.

## III. POTENTIAL FOR DUPLICATIVE OR INEFFICIENT LITIGATION

### A. Plaintiff's Position

Plaintiff respectfully submits that the proceedings in this Court and the Middle District of Florida present distinct theories of liability that can be adjudicated independently without creating unnecessarily duplicative or inefficient litigation.

The Florida action is now limited to a direct negligence claim against Booz Allen concerning its own failures to implement and maintain adequate institutional safeguards, including appropriate access controls, monitoring, and oversight of confidential taxpayer information. The operative SAC expressly grounds that claim in Booz Allen's independent acts and omissions. Its sole count addresses Booz Allen's own safeguarding duties, alleged breaches of those duties, and

the resulting harm to Plaintiff; it asserts neither an intentional-tort claim against Booz Allen nor a claim that Booz Allen is vicariously liable for Littlejohn's conduct. SAC ¶¶ 7, 61–67, Scott v. Booz Allen Hamilton Inc., No. 2:26-cv-00845-KCD-KRH (M.D. Fla.), [ECF No. 65]. In contrast, this action concerns Defendant Littlejohn's personal liability for intentional torts arising from his unauthorized access to and disclosure of Plaintiff's confidential tax information.

The Florida court expressly considered the potential for duplicative litigation in its October 7, 2026, Order. Order at 2, Scott v. Booz Allen Hamilton Inc., No. 2:26-cv-00845-KCD-KRH (M.D. Fla.),[ECF No. 64]. In permitting Plaintiff to withdraw his derivative claims against Booz Allen, Judge Dudek concluded that the resulting direct negligence claim could proceed independently of the claims against Littlejohn. The court expressly found that the proposed narrowing "solves the problem of overlapping litigation," leaving a standalone claim concerning Booz Allen's institutional safeguards that could be resolved "without adjudicating Littlejohn's liability." Id. at 2. The court further explained that the basic mechanics of Littlejohn's theft had been established in his criminal case, while the remaining negligence inquiry concerned Booz Allen's own knowledge, corporate safeguards, and internal monitoring. Id. at 4–5.

Although the two actions arise from the same underlying data breach, they involve different defendants, distinct legal theories, and materially different questions concerning each defendant's conduct and liability. The Florida action will require examination of Booz Allen's contractual safeguarding responsibilities, institutional cybersecurity practices, and notice of foreseeable insider risks. See SAC ¶¶ 16–37, 46–52, 61–64. Those matters are distinct from the questions concerning Littlejohn's conduct and the elements of his alleged intentional torts presented here. Any factual overlap concerning the breach and Plaintiff's resulting injuries does not make the liability inquiries duplicative. Plaintiff will tailor discovery in this action to the claims and defenses

concerning Littlejohn, without seeking to litigate Booz Allen's institutional negligence before this Court.

Accordingly, Plaintiff submits that the two actions may proceed independently without unnecessary duplication or prejudice.

**B. Defendant's Position**

Defendant, Charles Littlejohn, takes no position on the distinct nature of the claims against Defendant, Booz Allen, versus the claims pending in this matter. If any discovery duplication were to arise during discovery, Defendant is confident the parties can work with Defendant, Booz Allen's, counsel and Plaintiff, Richard Lynn Scott's, counsel to resolve any overlap and conduct discovery events as efficiently as possible.

## IV. REQUEST FOR RELIEF

The Parties respectfully submit their respective positions for the Court's consideration and request that the Court establish a schedule for further proceedings as it deems appropriate.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Nadin Linthorst*
Nadin Linthorst*
District of Columbia Bar No. 90042604
Dennis Polio
District of Columbia Bar No. 198054
Lex Politica PLLC
611 Pennsylvania Ave SE #353
Washington, DC 20003
Telephone: 512-354-1785
nlinthorst@lexpolitica.com
dpolio@lexpolitica.com

**COUNSEL FOR PLAINTIFF**

* Admitted *pro hac vice*

*/s/ Ali Kamalzadeh*
Ali Kamalzadeh, Esq.
Florida Bar No. 115995

Kamalzadeh Law, PLLC
300 Ronald Reagan Blvd., Suite 205
Longwood, Florida 32750
Direct: 407-579-0278
Facsimile: 407-278-0185
Eservice: AKpleadings@aliklaw.com
Ali@aliklaw.com
Audyn@aliklaw.com

* Admitted *pro hac vice*

**COUNSEL FOR DEFENDANT LITTLEJOHN**